UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

EDWARD BOAKYE,

               Plaintiff,           09 Civ. 8217

   -against-                     MEMORANDUM OPINION

UNITED STATES OF AMERICA,

               Defendant.

------------------------------------X

**Sweet, D.J.**

      Petitioner Edward Boakye ("Boakye" or "Petitioner") has applied for leave to appeal in forma pauperis this Court's denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the application is denied.

**Prior Proceedings**

      On March 22, 2005, Petitioner was charged together with four codefendants in a three-count Superseding Indictment, S1 04 Cr. 1148. Count One charged Petitioner and three codefendants with conspiracy to import into the United States one kilogram and more of heroin, in violation of 21 U.S.C. §

1

963, from July 2004 through August 20, 2004. County Two charged Petitioner and three codefendants with conspiracy to distribute and possess with the intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. § 846, from July 2004 through August 20, 2004. Count Three charged two codefendants, but not Petitioner, with conspiracy to conduct and attempt to conduct financial transactions designed to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(h), from about July 2004 through about August 2004.

On September 30, 2005, Petitioner pleaded guilty before Magistrate Judge Henry B. Pitman to Counts One and Two of Superseding Indictment S1 04 Cr. 1148, pursuant to a written plea agreement with the Government dated September 30, 2009.

The plea agreement provided, in part, that the Government would accept a guilty plea from Petitioner to Counts One and Two of the Superseding Indictment, and that in consideration of that plea, Petitioner would not be further prosecuted for (1) participating in a conspiracy to import one kilogram and more of heroin from in or about July 2004 up to and including on or about August 20, 2004, as charged in Count One,

2

and (2) participating in a conspiracy to distribute and possess with intent to distribute, one kilogram and more of heroin from in or about July 2004 up to and including on or about August 20, 2004, as charged in Count Two.  The parties stipulated that Petitioner's sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") was 108 to 135 months' imprisonment.  Because the minimum sentence allowed by statute for the offense to which Petitioner pleaded guilty was 120 months, however, the parties stipulated that Petitioner's sentencing guidelines range was 120 to 135 months.

During the plea proceeding on September 30, 2005, Magistrate Judge Pitman conducted a plea allocution that conformed with Rule 11 of the Federal Rules of Criminal Procedure in all respects.  At the plea proceeding, Petitioner was represented by Harvey Fishbein, Esq. ("Fishbein") who had been appointed on April 26, 2005, to replace Petitioner's previously appointed counsel.  (Declaration of Harvey Fishbein dated November 19, 2009 ("Fishbein Decl.") ¶ 1).

With respect to the Defendant's satisfaction with his counsel, the Court asked whether Petitioner was "generally satisfied with Fishbein's representation" and "with the advice

he has given," and the Petitioner answered "yes, your honor." (Plea Transcript dated September 30, 2005 at 7).

With respect to the immigration consequences of the guilty plea, the following colloquy took place:

THE COURT: . . . Mr. Boa[ky]e, because a plea to a felony can also have immigration consequences for individuals who are not United States citizens, let me ask you, are you a United States citizen?

THE DEFENDANT: No, your Honor.

THE COURT: Okay. Do you understand that another possible consequence of your plea here is that you might be deported or removed from the United States, and you might be prohibited from every reentering the United States; do you understand that?

THE DEFENDANT: Yes, your Honor.

In an Order dated October 24, 2005, Petitioner's guilty plea was accepted.

In a letter dated April 23, 2006, Petitioner wrote to Fishbein and asked that he "research the feasibility of a '5K2.0' proposal, Agreement To Voluntary Deportation" and requested that he "prepare and file the appropriate motion concerning this before my sentencing date." (Fishbein Decl. ¶ 4

4

& Attachment (Emphasis in Original)). Fishbein did not make the requested motion because Petitioner's "plea agreement precluded a downward departure motion and because the recommended sentencing guidelines range in the plea agreement and the Presentence Report was already at the mandatory minimum of 120 months." (Fishbein Decl. ¶ 4).

Shortly thereafter, Fishbein met with Petitioner and Petitioner "demanded" that Fishbein make a motion to withdraw Petitioner's guilty plea on a number of grounds, none of which related to the immigration consequences of the plea. (Fishbein Decl. ¶5). Fishbein's disagreement with Petitioner regarding a motion to withdraw Petitioner's guilty plea led Fishbein to withdraw as counsel for Petitioner. (Fishbein Decl. ¶ 5). In an Order dated May 9, 2006, the Court approved the substitution of attorney Susan V. Tipograph, Esq. ("Tipograph") for Fishbein.

On November 6, 2006, Tipograph submitted a letter to this Court requesting "the lowest sentence the Court considers reasonable under the circumstances." The letter specifically stated that "Mr. Boakye will most certainly be deported upon completion of any sentence. He will not contest any deportation and looks forward to returning to Ghana as quickly as possible." (Id.)

On November 13, 2006, the Court issued a Sentencing Opinion (the "Sentencing Opinion") stating that Petitioner would be sentenced to 120 months' imprisonment on Counts One and Two, to run concurrently, five years' supervised release, and a $200 special assessment, subject to modification at the sentencing proceedings schedule for that same day.  At those sentencing proceedings, the Court sentenced the defendant as set forth in the Sentencing Opinion.  Judgment was entered November 16, 2006.

On November 22, 2006, Petitioner, through counsel, filed a timely notice of appeal.  Tipograph moved for permission to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738, 744 (1967), and the Government moved for summary affirmance.  In a Mandate issued June 3, 2008, the United States Court of Appeals for the Second Circuit granted both motions.

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, on or about August 12, 2009, and it was marked fully submitted on November 24, 2009.

On April 22, 2010, the Court denied Petitioner's motion on grounds that he had failed to establish prejudice due

to his attorney's alleged failure to inform him that he would be automatically deported if he was convicted. Boakye v. United States, Slip Copy, No. 09 Civ. 8217, 2010 WL 1645055, at *5-6 (S.D.N.Y. April 22, 2010).

On May 20, 2010, Boakye filed a notice of appeal from the Court's denial of his August 12, 2009 motion under 28 U.S.C. § 2255. Boakye also filed an application for a certificate of appealability, which the Court granted on July 12, 2010.

On August 17, 2010, Boakye filed the instant application to appeal in forma pauperis.

**Standard for *in forma pauperis* Determination**

"The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under 28 U.S.C. § 1915. The Court's discretion is limited in that: 'An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.'" Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) (quoting 28 U.S.C. § 1915(a)(3)) (internal citations omitted); see also Fed. R. App. P. 24(a)(3)(A) ("A party . . . may proceed on appeal in forma pauperis . . . unless the

7

district court . . . certifies that the appeal is not taken in good faith . . . ."). The standard for "good faith" in pursuing an appeal is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of an issue not frivolous."); see also Linden v. Harper & Row Publishers, 490 F. Supp. 297, 300 (S.D.N.Y. 1980) (applying objective "good faith" standard to civil case).

Boakye states in his application that he intends, on appeal, to demonstrate that this Court should have granted his motion for habeas relief under § 2255 on grounds of ineffective assistance of counsel. However, Boakye's claims lack merit, as Boakye was not prejudiced by his attorney's alleged failure to inform him that he would be automatically deported upon his conviction. Boakye, 2010 WL 1645055, at *5-6. Therefore, pursuant to 28 U.S.C. § 1915(1)(3), Boakye's appeal cannot be taken in good faith and his application to appeal in forma pauperis is denied.

It is so ordered.

**New York, NY**
**September 30, 2010**

ROBERT W. SWEET
U.S.D.J.